IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD TERENCE RINGOLD,

    Plaintiff,

v.

DEPUTY WARDEN ROY ODUM; and
NAKISHA COLEY, in their official
capacities,

    Defendants.

CIVIL ACTION NO.: 5:21-cv-79

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I **DENY as moot** Plaintiff's Motion for Jury Trial. Doc. 11.

### PLAINTIFF'S CLAIMS[1]

Plaintiff brings this suit under § 1983, alleging violations of his constitutional rights while he was housed at Ware State Prison. Doc. 1. Plaintiff alleges Defendants were deliberately indifferent to his health and safety. Id. at 13. Plaintiff explains his housing unit was quarantined on November 30, 2021, after another inmate tested positive for COVID-19. Id. at 4,

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

13.  Plaintiff further contends Defendant Warden Roy Odum, who is responsible for Ware State Prison, failed to follow the Georgia Department of Corrections ("GDOC") and Centers for Disease Control and Prevention's ("CDC") guidelines for COVID-19.  Id. at 11.  Specifically, he alleges Defendant Odum failed to ensure inmates were properly quarantined while awaiting test results.  Id.  Plaintiff alleges Defendant Nakisha Coley, medical director for Augusta Medical College, failed to comply with state and federal laws regarding the medical treatment of inmates.  Id. at 12.  Plaintiff explains Defendant Coley failed to ensure inmates were tested prior to their arrival and departure for medical treatment outside the prison and were not properly quarantined.  Id.  Thus, Defendants failed to help prevent the spread of COVID-19.  Id.

Plaintiff states he had certain symptoms, including the loss of his ability to taste and smell.  Id. at 5.  However, he was never seen by medical staff for treatment for these symptoms despite his pre-existing conditions, which placed him at significant risk.  Id. at 4, 6, 13.  Plaintiff requests only monetary relief in the amount of $2.9 million dollars and sues Defendants only in their official capacities.  Id. at 2, 4.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.      Plaintiff Cannot Sue Defendants in Their Official Capacity Claim**

Plaintiff is suing Defendants only in their official capacities for monetary damages.  Doc. 1 at 2, 4.  Defendants in this case are employees of the State.  Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants Odum and Coley in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in his or her official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Ware State Prison and Augusta Medical College.  Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a

waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities. Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).

Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities. As Plaintiff only brings claims against Defendants in their official capacities seeking monetary relief, his Complaint should be dismissed.

## II.     Plaintiff Fails to State a Claim

Even if Plaintiff intends to sue Defendants in their individual capacities, his Complaint would be subject to dismissal for failure to state a claim. Plaintiff complains Defendants failed to follow the GDOC's COVID-19 health and safety procedure. Id. at 11–12. Specifically, Plaintiff is suing because an inmate was permitted to return to the dorm after being tested and Plaintiff, himself, was not tested for COVID-19, despite an exposure and the presence of some symptoms. Id. at 4, 13. Plaintiff does not expressly allege he contracted COVID-19 or that he suffered from the lack of testing. Id. at 4. Indeed, Plaintiff admits he received daily temperature checks. Id.

Plaintiff's allegation that Defendants failed to follow the GDOC and CDC's guidelines for COVID-19, without more, does not state a claim. "This Court reviews, 'whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated.'" Nance v. Morales, CV418-165, 2018 WL 6594623, at *2 (S.D. Ga. Nov. 8, 2018) (quoting Rineholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999)); see also Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007) (finding plaintiff's claim alleging defendants violated an internal jail policy was insufficient to survive summary judgment). Plaintiff has not

4

made any other allegations, beyond non-compliance with certain guidelines, that would suggest Defendants violated Plaintiff's constitutional rights in any way or that their conduct caused Plaintiff any discernible harm. Accordingly, even if Plaintiff had sued Defendants in their individual, his claims should be dismissed.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Finally, I **DENY as moot** Plaintiff's Motion for a Jury Trial.  Doc. 11.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of February, 2022.

*[signature]*

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA